Pierson R. Hildreth, S.
This is an adoption proceeding wherein a citation was issued to the natural father requiring him to show cause on November 30, 1959 why he should.not be adjudged to have abandoned the child here sought to be adopted and why an order of adoption should not he made herein. Before the return day of the citation, the natural father instituted a habeas corpus proceeding in the Supreme Court to recover custody of the child from the petitioners herein. This proceeding was held in abeyance pending the outcome of the Supreme Court proceeding. The habeas corpus proceeding was dismissed by decision of Mr. Justice Ritchie (N. Y. L. J., Jan. 29, 1960, p. 18, col. 4) which determined that the natural father had abandoned the child.
A hearing was thereafter directed and held by this court and proof was taken upon the issue of abandonment. Although the natural father had filed an appearance by his attorneys herein, neither he nor his attorneys appeared at such hearing. Petitioners’ counsel informed the court that he was advised by the natural father’s counsel that the natural father would take no action and would neither consent to nor oppose the adoption.
The foster child was born on January 14, 1959. Its natural parents were married in April of 1958, were separated in June of 1958, and were divorced in August of 1958. The child was delivered to the petitioners on January 17, 1959, on which day both of its natural parents signed a written agreement consenting to its adoption by petitioners. The petition for adoption was filed on October 27, 1959. A valid and subsisting consent of the natural father would have made a hearing on the issue of his abandonment of the child unnecessary. However the *705 consent, when required, must be valid and subsisting at the time of the adoption. Although the natural father never withdrew his consent given January 17, 1959, and never opposed this proceeding, he apparently did refuse to reaffirm the agreement and consent executed on that date. Hence the Surrogate accordingly directed the issuance of a citation citing him, as aforesaid, to be certain that he was fully aware of the proceeding and had full opportunity to withdraw his consent and to oppose the proceeding if he so desired.
(Matter of Anonymous, 10 Misc 2d 1076; People ex rel. Fentress v. Somma, 127 N. Y. S. 2d 169; People ex rel. Anonymous v. Anonymous, 195 Misc. 1054; Matter of Willing, 43 N. Y. S. 2d 834; Matter of Marks, 159 Misc. 348.)
In the opinion of the court the proofs at the hearings, the testimony of the natural mother, the father of the natural mother, and the foster parents, as well as the proofs shown by the minutes of the habeas corpus proceeding in the Supreme Court, amply show abandonment of the child by its natural father. From the time of its birth he has not visited the child, has not supported the child, has shown no interest in the child, has given it no affection, and in fact seems to have severed all relationship with the child as well as with its mother. The uncontested evidence demonstrates a settled purpose to wholly abandon all parental duty and obligation.
Accordingly, it is the decision of this court that the consent to adoption of the natural father is not required by reason of his abandonment of the child. (Domestic Relations Law, § 111.) A date for the further appearance of the foster parents and child before the court for the completion of this proceeding shall be fixed by the adoption clerk. Proceed accordingly.